

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-12-2006

# USA v. Brown

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1784

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Brown" (2006). *2006 Decisions*. Paper 1760.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1760

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No: 04-1784

_____

UNITED STATES OF AMERICA

v.

MARLON BROWN,

Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cr-00457)
District Judge: Honorable Berle M. Schiller

_____

Submitted Under Third Circuit LAR 34.1(a)
on September 15, 2005

BEFORE: ROTH, MCKEE and FISHER, <u>Circuit Judges</u>,

(Opinion Filed: January 12, 2006)

_____

OPINION

_____

**ROTH**, Circuit Judge:

Counsel for Marlon Brown has filed a brief pursuant <u>Anders v. California</u>, 386

U.S. 738 (1967), representing that there are no non-frivolous appealable issues. Counsel has also moved to withdraw from the case. Brown was given a copy of the motion and corresponding brief with notice that he could file a *pro se* brief. He has done so, challenging the failure of the District Court to grant a reduction for acceptance of responsibility under U.S.S.G. §3E1.1 and asserting that the award of restitution was improper and that he was improperly sentenced under Blakely v. Washington, 124 S.Ct. 2531 (2004). The government concedes that the $1500 restitution order should be vacated because it is not related to the offense of conviction.

Brown pled guilty to possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1). The District Court denied the government's motion for upward departure, denied the government's request to impose a four-level enhancement for possession of a firearm in connection with another felony offense under U.S.S.G. § 2K2.1(b)(5), and denied Brown a three-point reduction for acceptance of responsibility under U.S.S.G. §3E1.1. Brown's sentence included a forty-six month prison term and restitution of $1,500. Brown has not appealed his conviction, only his sentence.

Jurisdiction was conferred on the District Court by 18 U.S.C. § 3231. A timely notice of appeal was filed. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

Turning to the sentence of imprisonment, a defendant's claim, pursuant to United States v. Booker, 125 S.Ct. 738 (2005), asserted for the first time on appeal, is subject to

2

plain error review.  United States v. Davis, 407 F.3d 162, 164-65 (3d Cir. 2005).

Although Brown has not expressly raised a Booker challenge in his appeal, we will

nonetheless proceed as though that challenge was made.  United States v. Urban, 404

F.3d 754, 783 n.12 (3d Cir. 2005) ("We will vacate the sentences of Appellants... even

though they have not expressly indicated that they wish to challenge their sentences under

Booker.").

Where, as here, the District Court imposed sentence and treated the "Guidelines as

mandatory rather than advisory," the defendant's claim survives scrutiny under plain error

review.  Davis, 407 F.3d at 164.  In these circumstances, "we will decide claims of error

related to the conviction, vacate the sentence, and remand for consideration of the

appropriate sentence by the District Court in the first instance."  Id. at 166.

On resentencing, the District Court shall not reimpose the order of restitution.

Furthermore, because this case is being remanded for resentencing, we will deny

counsel's motion to withdraw.

For the reasons stated above, we will affirm Brown's conviction, vacate his

sentence and remand for resentencing consistent with Booker.